
SOUTHERN DISTRICT OF MISSISSIPPI
F I L E D
JUL 23 2024
ARTHUR JOHNSTON
BY _____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA

v.

CRIMINAL NO. 3:24-CR-70-CWR-LGI

JACOB W. VANLANDINGHAM

18 U.S.C. § 1343

**The United States Charges:**

At all times material to this Information, unless otherwise specified:

### Relevant Background

1. **JACOB W. VANLANDINGHAM ("VANLANDINGHAM")** was a biomedical scientist specializing in research related to traumatic brain injuries and concussions.

2. Prevacus, Inc. ("Prevacus"), a biopharmaceutical corporation focused on research and development of treatments for concussions, was incorporated in Delaware with its principal place of business in Florida.

3. The Mississippi Department of Human Services ("MDHS") was a Mississippi state agency responsible for, among other things, overseeing the distribution of federal funds from the Temporary Assistance to Needy Families program ("TANF"). John Davis ("Davis") was the executive director of MDHS from on or about February 1, 2016, until on or about July 31, 2019.

4. Mississippi Community Education Center ("MCEC") was a non-profit organization registered in Mississippi on or about June 22, 1992. MDHS provided federal funds to MCEC, including TANF funds. Nancy New ("New") was the executive director of MCEC.

5. TANF was a federal safety-net program of the United States Department of Health and Human Services ("DHHS") that provided federal funds to states and territories to provide assistance to low-income families with children.

## COUNT 1
(18 U.S.C. § 1343 – Wire Fraud)

6. Paragraphs 1 through 5 of this Information are re-alleged and incorporated by reference as though fully set forth herein.

7. From at least in or around December 2018 through at least in or around August 2019, the exact dates being unknown to the United States, in the Northern Division of the Southern District of Mississippi, and elsewhere, the defendant, **JACOB VANLANDINGHAM**, did knowingly, and with the intent to defraud, having devised a scheme and intending to devise a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing such pretenses, representations, and promises were false and fraudulent when made, transmit and cause to be transmitted, by means of wire communication in interstate and foreign commerce, writings, signals, pictures, and sounds, for the purpose of executing such scheme and artifice.

### Purpose of the Scheme

8. The purpose of the scheme and artifice to defraud was for **VANLANDINGHAM** to unlawfully enrich himself by making materially false and fraudulent representations that he would use certain funds, including funds obtained from MDHS through MCEC, to develop a pharmaceutical treatment for concussions.

### The Scheme and Artifice to Defraud

9.  The manner and means by which **VANLANDINGHAM** sought to accomplish and did accomplish the purpose of the scheme and artifice to defraud included but were not limited to the following:

10. **VANLANDINGHAM** made materially false and fraudulent representations to MDHS and MCEC that in exchange for receiving funding from MDHS through MCEC, Prevacus would use such funds to develop a pharmaceutical treatment for concussions, when in truth and in fact **VANLANDINGHAM** intended to divert, and did divert, a material amount of these funds for personal purposes.

11. Based on these materially false and fraudulent representations, on or about January 19, 2019, **VANLANDINGHAM**, through his company Prevacus, entered into an agreement with MCEC. The agreement provided that in exchange for Prevacus' development of a concussion treatment, MCEC would provide Prevacus $1.7 million.

12. Between in or around January and July 2019, MCEC provided approximately $1.9 million – $200,000 more than the contract called for – in funds, including TANF funds, from MDHS to **VANLANDINGHAM**'s company Prevacus.

13. After receiving the funds from MDHS through MCEC, **VANLANDINGHAM** misused a substantial amount of these funds for his own personal benefit, including, but not limited to, gambling and paying off personal debts.

### Use of the Wires

14. On or about July 16, 2019, for the purpose of executing the aforesaid scheme and artifice to defraud, and attempting to do so, **VANLANDINGHAM** did knowingly transmit and cause to be transmitted, by means of wire communications in interstate and foreign commerce,

3

certain writings, signs, signals, pictures, and sounds, to wit: a wire transfer in the amount of approximately $400,000 from account number xxx7729 at Regions Bank in the name of MCEC to account number xxx7709 at SunTrust Bank in the name of Prevacus.

All in violation of Title 18, United States Code, Section 1343.

## NOTICE OF INTENT TO SEEK CRIMINAL FORFEITURE

Pursuant to Fed. R. Crim. P. 32.2(a), **JACOB VANDLANDINGHAM** is hereby notified that upon pleading guilty to the sole count of this Information, he shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, constituting or derived from, any proceeds **JACOB VANLANDINGHAM** obtained, directly or indirectly, as the result of such violation.

The property subject to forfeiture includes United States currency in the form of a money judgment representing the proceeds **JACOB VANLANDINGHAM** received in the course of the violation charged in this Information.

If any of the directly traceable forfeitable property, as a result of any act or omission of the defendant:

a. cannot be located upon the exercise of due diligence;

b. has been transferred to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the Court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty,

then it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), and as incorporated by 28 U.S.C. § 2461(c), to seek forfeiture of any other property of **JACOB VANLANDINGHAM**

up to the amount of proceeds **JACOB VANLANDINGHAM** received in the course of the violation charged in this Information.

Pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and 21 U.S.C. § 853(p).

_____
TODD GEE
United States Attorney
Southern District of Mississippi

_____
GLENN S. LEON
Chief, Fraud Section
Department of Justice

_____
MARGARET A. MOESER
Chief, Money Laundering and Asset
Recovery Section
Department of Justice